UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61592-Civ-COOKE/TURNOFF

JACKSON A. ARQUEZ,

    Plaintiff,

v.

SHELLEY W. SHELLEY, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CASE is before me upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 27). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons provided, Defendants' Motion is granted.

**I. BACKGROUND**

Plaintiff, Jackson A. Arquez, brings this action for damages and declaratory relief against Defendants, Shelley W. Shelley and SW Industrial PR, LLC ("SW Industrial"), for their alleged violations of the Fourth and Fifth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et seq.*, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01, *et seq.* Plaintiff alleges that Shelley and SW Industrial employed him as a personal assistant to Shelley from November 10, 2010, through November 13, 2010, during which time Shelley repeatedly exposed his genitals to Plaintiff and demanded that Plaintiff perform sexual acts on him. (Am. Compl. ¶ 12). Plaintiff alleges that he refused to engage in such acts, and Shelley fired him shortly thereafter. *See id.*

1

On May 8, 2012, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. Defendants argue that the Amended Complaint fails to sufficiently allege that Defendants are "employers" as defined under Title VII and the FCRA, that Plaintiff cannot state a Title VII claims against Shelley as an employee, and that Plaintiff's Fourth and Fifth Amendment claims cannot stand because he fails to allege that Defendants acted under color of state law.

## II. LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a complaint subject to a motion to dismiss, all factual allegations must be accepted as true, however mere conclusory statements "are not entitled to the assumption of truth." *See Iqbal*, 556 U.S. at 664. The factual allegations alone must state a facially plausible entitlement to relief. *Id.* The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## III. ANALYSIS

### A. Title VII and FCRA Claims

Plaintiff's Amended Complaint alleges that Defendants Shelley and SW Industrial violated Title VII and the FCRA. Both statutory schemes apply only to "employers" as defined

by statute. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b). Similarly, the FCRA defines "employer" as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. . . ." Fla. Stat. § 760.02(7).

In his Amended Complaint, Plaintiff fails to set forth any factual allegations regarding the number of persons each defendant employs. Because Plaintiff fails to show that either defendant is an employer within the meaning of Title VII or the FCRA, dismissal of Count I of the Amended Complaint is appropriate. I also not that, while the Amended Complaint's allegations are unclear on this point, to the extent Plaintiff is suing Shelley in his individual capacity as an employee such a claim cannot stand. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act.").

**B. Fourth and Fifth Amendment Violations**

It is unclear whether Plaintiff intends to allege that Defendants violated his Fourth and Fifth Amendment rights. Although he makes some references to § 1983 and the constitutional amendments, his Amended Complaint does not include a separate count asserting any § 1983 claims.

To the extent Plaintiff intended to assert such claims, his Amended Complaint fails to allege sufficient facts to support them. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258

(11th Cir. 2005). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Although Plaintiff sets forth one conclusory allegation that Defendants acted "under the color of law," he provides no facts to support that claim. (*See* Am. Compl. ¶ 15). Further, because the cause of action is set out in random paragraphs within the complaint, it is unclear which facts Plaintiff contends support a violation of a constitutional right. Plaintiff's Fourth and Fifth Amendment claims must therefore be dismissed.

### IV. CONCLUSION

Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is **GRANTED**. Plaintiff's First Amended Complaint (ECF No. 26) is **DISMISSED** *without prejudice*. The Clerk is directed to *administratively* **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 29th day of June 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*U.S. Magistrate Judge William C. Turnoff*
*Counsel of record*

4